# NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

MARQUISE A. KING,                                       Plaintiff,

v.                     Case No.: CL10-4593-5

LUMBER LIQUIDATORS, INC.,                     Defendant.
    SERVE:    Corporation Service Company
                 11 So. 12th Street
                 Richmond, Virginia 23218

**COMPLAINT**

COMES NOW the plaintiff, Marquise A. King, by counsel, and for his Complaint against defendant Lumber Liquidators, Inc. ("the Company"), avers the following:

1. Plaintiff is an African American who previously worked for the Company. Plaintiff alleges that the Company discharged him in violation of the Civil Rights Act and other remedial federal statutes because of his race.

2. The Company employs more than 15 employees and does business within the Commonwealth of Virginia, in particular the City of Richmond.

3. More than thirty days prior to the institution of this lawsuit, Marquise King, filed a timely charge with the Equal Employment Opportunity Commission and hereby files this Complaint within 90 days of receiving his notice of right to sue letter.

4. On August 28, 2009, the Equal Employment Opportunity Commission issued a determination letter finding the Company violated the plaintiff's rights under the Civil Rights Act and related remedial federal statutes.

1

5. On July 29, 2006, the Company undertook an adverse employment action against Plaintiff when it laid him off from the position of Production Supervisor while retaining less qualified and less senior White (non-Black) production supervisors whose overall work related responsibilities were less onerous than that of the plaintiff and who were retained in their supervisory positions.

6. Following the Company's July 29, 2006 decision to lay off Plaintiff, Plaintiff requested to be transferred, reassigned or retained to any non-supervisory position(s) for which he was qualified and which would have preserved his employment status. The Company refused to afford Plaintiff any such opportunities on account of his race, African-American.

7. The Company articulated false and incredulous reasons for failing to retain Plaintiff in a supervisory capacity or failing to retain Plaintiff in a non-supervisory position after Plaintiff offered to be transferred, reassigned or retained in a non-supervisory position. According to the Equal Employment Opportunity Commission's determination letter, the Company terminated Plaintiff's employment for lack of productivity and the need to reduce the Company's overall workforce. These articulated reasons for termination constitute pretext.

8. The Company cannot articulate a legitimate non-discriminatory basis for its decisions not to retain Plaintiff in a supervisory or non-supervisory position, warranting the factfinder to infer the Company took such adverse employment actions against Plaintiff because of his race, African-American.

9. Plaintiff was more qualified and had more seniority than the supervisors the Company retained in lieu of him.

10. Plaintiff's production figures demonstrate that the shift Plaintiff supervised prior to the Company's decision to reduce its workforce was as productive or more productive than the shifts of the other two supervisors the Company retained when one compares the nature of the work product generated by the plaintiff's shift with that produced by the other two shifts at issue. Plaintiff's shift required the production of specialty wood products that required additional production time where as the other two shifts did not produce such specialty products, allowing them to produce more aggregate wood products. Additionally, Plaintiff's shift was not adequately staffed over Plaintiff's objections.

11. The Company allowed less skilled and experienced employees on Plaintiff's shift to be transferred, reassigned or otherwise retained but treated Plaintiff differently (disparate treatment), refusing to allow him to be transferred, reassigned or otherwise retained because of Plaintiff's race, African-American.

12. The unlawful employment practices alleged above were intentional.

13. The unlawful employment practices alleged above were done with malice or reckless disregard and indifference to the federally protected rights of the plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Marquise A. King, respectfully requests the Court grant him compensatory damages and attorney's fees in the amount of $1,000,000 to compensate Plaintiff for past and future pecuniary losses, humiliation, embarrassment, mental anguish and other such general damages as will be proved at trial. Plaintiff further requests the Court award Plaintiff punitive damages in the amount of $350,000 to

3

punish Defendant for its wrongful conduct and deter Defendant and others from engaging in similar wrongful conduct.

                                              MARQUISE A. KING

                                              By Counsel

D. Hayden Fisher, Esquire
D. Hayden Fisher, Esquire, PLC
2542 Hanover Avenue
Richmond, Virginia 23220
(804) 525-6837
(804) 525-6838 (facsimile)
haydenfisher@mac.com

Godfrey T. Pinn, Jr., Esquire
Harrell & Chambliss LLP
Eighth & Main Building
707 East Main Street, Suite 1000
Richmond, Virginia 23219
(804) 915-3220
(804) 915-3240 (facsimile)
gpinn@hclawfirm.com

L. Wendell Allen, Esquire
L. Wendell Allen, PLLC
4906 Fitzhugh Ave.
Suite 200
Richmond, VA 23230
(804) 358-0368
(804) 353-1863 (facsimile)
lwalaw@aol.com